IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RENEE TERESA GOELLNER-GRANT, )
KYLE D. GRANT and ALEXANDER )
GOELLNER, )
)
        **Plaintiffs,** )
)
v. )
) Case No. 18-2571-CM-TJJ
JLG INDUSTRIES, INC., )
)
        **Defendant.** )
)

**MEMORANDUM AND ORDER**

This case arises out of a tragic accident. Plaintiffs are the wife and natural children of Randall Grant. In 2015, Mr. Grant was crushed by an aerial boom lift that was manufactured by defendant JLG Industries, Inc. Mr. Grant died as a result of the incident. The incident occurred in Missouri, and defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania. Before the aerial boom lift arrived in Missouri, defendant initially shipped it to Kansas.

Defendant has filed a motion to dismiss for lack of personal jurisdiction and improper venue. (Doc. 9). For the following reasons, the court determines that Kansas is not a proper venue for this case. Instead of dismissing the case, however, the court will transfer the case to a jurisdiction in which venue is proper—the United States District Court for the Middle District of Pennsylvania.

Plaintiffs originally filed a version of this case in Missouri state court. Defendant removed the case to federal court. But then, upon defendant's motion, the United States District Court for the Eastern District of Missouri determined that it did not have personal jurisdiction over defendant and dismissed the case. Specifically, the court noted that defendant had shipped the aerial boom lift to Kansas—not Missouri. The lift was later transferred to Missouri. After the Eastern District of

-1-

Missouri dismissed the case, plaintiffs refiled in Kansas federal court. Now defendant argues that this court also lacks personal jurisdiction, and, alternatively, Kansas is not a proper venue for the case. Plaintiffs disagree, and alternatively ask for jurisdictional discovery before the court decides the motion.

The court proceeds directly to the venue question here. Even if the court has personal jurisdiction over defendant (which is questionable), it appears that the only connection to Kansas is the fact that the aerial boom lift was initially shipped to Kansas. There are no other allegations of Kansas connections.

A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); *see also Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006). Whether to dismiss a case for improper venue "lies within the sound discretion of the district court." *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998) (citations omitted). But the court gives deference to the plaintiff's choice of forum. *M.K.C. Equip. Co. v. M.A.I.L. Code*, 843 F. Supp. 679, 683 (D. Kan. 1994).

Plaintiff claims that venue is proper under either § 1391(b)(2) or (b)(3). But subsection (b)(3) does not apply because there is another district in which an action may be brought—in Pennsylvania, where defendant's principal place of business is. This leaves subsection (b)(2). This subsection does not require that a court determine which judicial district has the <u>most</u> substantial connection. Instead, venue may be proper in multiple districts, so long as a substantial part of the events or omissions

giving rise to the case occurred in those districts. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165–66 (10th Cir. 2010). When evaluating venue, a district court must "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims," and "whether substantial 'events material to those claims occurred' in the forum district." *Id.* at 1166 (citations omitted).

Based on plaintiff's allegations, the court does not conclude that the District of Kansas is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391(b)(2). The aerial boom lift was purchased by a company with a Missouri address (Midwest Aerials & Equip., Inc., or "Midwest") but was shipped to Midwest at a Kansas address. It apparently was in Kansas for some amount of time before it was transferred to Missouri. The incident occurred in Missouri, thirteen years after defendant shipped the aerial boom lift to Kansas. And Pennsylvania is where the aerial boom lift was designed and manufactured. Plaintiff's claims center on the incident and any defects in the product—not on any contract or warranty that would involve the temporary housing of the aerial boom lift in Kansas. This court does not find that delivery of the lift to Kansas is material to the incident thirteen years later, in Missouri, that is the subject of this case. This case involves strict liability, negligence, and wrongful death claims about a Missouri incident based on a lift that was designed and manufactured in Pennsylvania. Venue is not proper in Kansas.

A court, in the interest of justice, may cure improper venue by transferring the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Elec. Realty Assocs., L.P. v. Paramount Pictures Corp.*, 935 F. Supp. 1172, 1177 (D. Kan. 1996). Even when venue is proper, however, federal courts have the option to transfer cases: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Black & Veatch Constr.,*

*Inc. v. ABB Power Generation*, 123 F. Supp. 2d 569, 580 (D. Kan. 2000). Courts determine whether to transfer a case on "an individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citation and internal quotation marks omitted). To evaluate whether the interests of justice warrant transfer, courts consider: (1) whether a newly-filed action would be time-barred; (2) the likely merits of the claims; and (3) plaintiff's good faith in filing the original action. *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).

Defendant has only asked the court for dismissal—not transfer. But defendant acknowledges that "a proper venue exists under 28 U.S.C. § 1391(b)(1), namely the Middle District of Pennsylvania." (Doc. 13, at 2.) This court is inclined to transfer the case instead of dismissing it, based on the factors outlined in *Trujillo*. First, it is not immediately clear to the court, but it appears that plaintiffs could have a timeliness issue if required to refile their case, unless a tolling provision applies. Second, the court is not in a position to make a full determination on the merits of the case, but plaintiffs' allegations do not appear frivolous. And third, there is no indication that plaintiffs filed this action in bad faith. Rather, the order of the Eastern District of Missouri mentions Kansas several times (as well as Pennsylvania), suggesting that either location might have personal jurisdiction over defendant. The Eastern District of Missouri did not address venue at all.

For these reasons, the court determines that transfer—not dismissal—is the proper remedy. On the motion before the court, defendant has not shown that dismissal is warranted. Rather, dismissal would require plaintiffs to begin again, in a fourth court, with a third complaint. This result is not just.

Finally, the court noted previously that plaintiffs alternatively requested jurisdictional discovery if the court were inclined to grant defendant's motion to dismiss for lack of personal jurisdiction. In fact, the magistrate judge stayed all discovery pending ruling on this motion <u>except</u>

discovery on personal jurisdiction. Because the court has instead determined that transfer for improper venue is warranted, no discovery on personal jurisdiction would impact this decision.

**IT IS THEREFORE ORDERED** that defendant JLG Industries, Inc.'s motion to dismiss (Doc. 9) is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer this case to the United States District Court for Middle District of Pennsylvania.

Dated this 12th day of February, 2019, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**